**UNITED STATES of America**

v.

**Edgar ROMERO, Appellant.**

**No. 08–4656.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2009.

Filed: Sept. 29, 2009.

---

Daryl F. Bloom, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Ronald A. Krauss, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Edgar Romero, a native and citizen of Peru, was convicted of hindering his removal from the United States. He appeals an order from the United States District Court for the Middle District of Pennsylvania denying his motion seeking credit for a portion of the time he served in custody while awaiting removal. Because Romero did not show that he had exhausted his administrative remedies, the District Court correctly concluded that it lacked jurisdiction. We will therefore affirm.

## I. Background

Romero came to the United States from Peru with his parents in 1983. In 1993, he was convicted of robbery and sentenced to one to three years in prison. Ten years later, he was convicted of domestic abuse and sentenced to a year in prison. While he was in a New York state prison for the latter offense, immigration authorities instituted removal proceedings against him and, after he completed his state sentence, he was transferred to federal custody for the duration of those proceedings. In August 2005, an immigration judge ordered Romero's removal from this country, and he unsuccessfully appealed that order to the Board of Immigration Appeals and our Court.[1]

As part of the removal process, Romero was taken to the Peruvian Consulate in Patterson, New Jersey and asked to sign certain travel documents required by Peru. He refused. On a second trip to the Consulate, he again refused to sign the travel documents. On November 8, 2006, a grand jury in the Middle District of Pennsylvania charged Romero with one count of hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) and (c). Following a bench trial, the District Court found Romero guilty and sentenced him to 72 months in prison.

On August 28, 2008, Romero filed a motion in the District Court, asserting that the time he had served in custody "from the date of his first refusal to sign the deportation paperwork at the Peruvian Consulate" (App.70) should be credited toward his sentence for hindering removal. With his motion, Romero submitted a supporting legal memorandum and a Bureau of Prisons Sentence Monitoring Computation Form that indicates he did not receive credit for any time served prior to his sentencing. The District Court issued a

---

1. We dismissed Romero's appeal because we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony. *Romero v. Att'y Gen.*, No. 06–1494 (3d Cir. July 24, 2006) (citing 8 U.S.C. § 1252(a)(2)(C)).

one-sentence order denying Romero's motion because it lacked jurisdiction. Romero then filed the present appeal, in which he argues that the District Court does have jurisdiction and erred in denying his motion.

## II. Discussion[2]

Title 18 U.S.C. § 3585(b) [3] provides that, under certain circumstances, a defendant may be given credit toward the service of a term of imprisonment for time spent in official detention prior to the date the sentence commences. The Supreme Court has held that, under Section 3585(b), the Attorney General, acting through the Bureau of Prisons, has the authority to determine whether a defendant is entitled to prior custody credit in the first instance. *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Accordingly, district courts do not have jurisdiction to hear an application for credit for time served until a defendant has exhausted his administrative remedies by seeking credit from the Bureau of Prisons and Attorney General. *See United States v. Brann*, 990 F.2d 98, 103–04 (3d Cir. 1993) ("[D]istrict courts do not have jurisdiction to grant credit for prior custody.... Thus, [the defendant] must first exhaust his administrative remedies ... by seeking any allowable credit for his pretrial detention from the Attorney General.").

Thus, the District Court was correct to steer clear of the merits of Romero's motion. Romero had the burden of demonstrating that he had exhausted administrative remedies available through the Bureau of Prisons, and he simply failed to do that. He included with his motion a Sentence Monitoring Computation Form generated by the Bureau of Prisons, but that at most proves only what is conceded, namely that he was not given credit for any of the time he was in custody before his sentencing. It does not prove anything about whether he pursued available administrative remedies to get such credit. In an apparent effort to address that deficiency, he argues before us that he stated in his moving papers in the District Court that he "sought relief through the Bureau of Prisons." (App.78.) If a mere assertion in a legal memorandum were evidence, he might have advanced his cause, but it is not. Romero did not provide any evidence that he has exhausted his administrative remedies, and until he is able to do so and to carry his burden of proof, the District Court will not have jurisdiction to consider his motion.

## III. Conclusion

Because Romero did not show that he has exhausted his administrative remedies, we will affirm the District Court's order denying his motion.

**2.** We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's determination that it lacked jurisdiction. *See Frett–Smith v. Vanterpool,* 511 F.3d 396, 399 (3d Cir.2008) ("[O]ur review of a dismissal for lack of subject matter jurisdiction is plenary.")

**3.** Title 18 U.S.C. § 3585(b) reads as follows:

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.